FILED
JUL 31 2008
Clerk, U.S. District and
Bankruptcy Courts

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

JOHN BARNHARDT )
4709 Bass Place, S.E.
Washington, D.C. 20019, )
        Plaintiff
   v. )

DISTRICT OF COLUMBIA,
ANTHONY WILLIAMS, Former Mayor, in
  His Official and Individual Capacities,
  The John A. Wilson Building
  1350 Pennsylvania Avenue, N.W.
  Washington, D.C. 20004
CHARLES H. RAMSEY, Former Chief,
   Metropolitan Police Department, in
   His Official and Individual Capacities,
   300 Indiana Avenue, N.W.
PROPERTY CLERK,
  Sixth District, Metropolitan Police
  Department, in His or Her Official and
  Individual Capacities,
  100 42ND Street, N.E.
  Washington, D.C. 20019

WASHINGTON METROPOLITAN
AREA TRANSIT AUTHORITY,
  300 Fifth Street, N.W.
  Washington, D.C. 20001
POLLY HANSON, Former Chief, Metro
  Transit Police Department, in Her Official
  And Individual Capacities,
  600 Fifth Street, N.W.
  Washington, D.C. 20001
LENNARD SMITH, Metro Transit Police
  Officer, in His Official and Individual
  Capacities,
  600 Fifth Street, N.W.
  Washington, D.C. 20001,
        Defendants.

Case: 1:08-cv-01327
Assigned To : Bates, John D.
Assign. Date : 7/31/2008
Description: Civil Rights-Non-Employ.

JURY ACTION

**COMPLAINT**

(TORTS AND CIVIL
  RIGHTS VIOLATIONS)

RECEIVED
JUL 22 2008
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

1

## INTRODUCTION

John Barnhardt ("Plaintiff"), a citizen of the District of Columbia, hereby asserts the following claims against the Defendants in the above-entitled action:

(1) Violations of 42 U.S.C. Section 1983;

(2) Violations of the Due Process Clauses of the 5th and 14th Amendments to the United States Constitution;

(3) Negligence;

(4) Intentional Infliction of Emotional Distress; and

(5) Conversion.

## JURISDICTION

1. Jurisdiction of this Court arises under 28 U.S.C. Sections 1331, 1337, 1343(a), and 1367; 42 U.S.C. Section 1983; 28 U.S.C. Sections 1961-1968; and the Washington Metropolitan Area Transit Authority Compact, Section 9-1107.01.

2. Jurisdiction of this Court for the pendent claims is authorized by F.R. Civ. P. 18(a), and arises under the doctrine of pendent jurisdiction, as set forth in United Mine Workers v. Gibbs, 383 U.S. 715 (1966).

## PARTIES

3. Plaintiff John Barnhardt is a natural person, who was residing at 4709 Bass Place, S.E., Washington, D.C. 20019 at all times relevant to this Complaint.

4. Defendant Anthony Williams ("Williams"), who is a natural person, was the duly-elected Mayor of the District of Columbia at all times relevant to this Complaint.

5. Defendant Property Clerk ("Property Clerk"), who is a natural person, and is not yet identified, was a duly-appointed employee of the Sixth District of the

Metropolitan Police Department, Washington, D.C. ("MPD"), at all times relevant to this Complaint.

6. Defendant Charles Ramsey, ("Ramsey"), who is a natural person, was the duly-appointed Chief of the Metropolitan Police Department at all times relevant to this Complaint, and was responsible for the promulgation and implementation of police procedures and practices in the District of Columbia.

7. Defendant District of Columbia is a Municipal Corporation, organized under the laws of the United States Congress. It is responsible for the policies, procedures and practices implemented through its various agencies, departments and employees, and for any injuries resulting from their actions.

8. Defendant Ramsey, and others not presently known to Plaintiff, were duly-appointed Metropolitan Police officers, and were the supervisors of Defendant Property Clerk.

9. Plaintiff brings this action against all public employees in their official and individual capacities.

10. At all times relevant to this Complaint, Defendant Property Clerk acted toward Plaintiff under color of the statutes, ordinances, customs, and usage of the District of Columbia and the Metropolitan Police Department.

11. Defendant Washington Metropolitan Area Transit Authority ("WMATA") is a quasi-governmental agency, organized under the "Washington Metropolitan Area Transit Authority Compact", which was ratified by the United States Congress, and the jurisdictions of the District of Columbia, Maryland and Virginia.

12. Defendant Metro Transit Police Department ("Metro Transit"), through its former Chief, Polly Hanson ("Hanson"), is a duly-constituted police force, authorized to exercise certain police powers in the District of Columbia, Maryland and Virginia.

13. Defendant Lennard Smith ("Smith") was a duly-appointed officer with the Metro Transit Police Department at all times relevant to this Complaint.

14. Defendant Hanson, and others not presently known to Plaintiff, were duly-appointed Metro Transit officers, and were the supervisors of Defendant Smith.

15. At all times relevant to this complaint, Defendant Smith acted toward Plaintiff under the color of the statutes, ordinances, customs, and usage of the District of Columbia and the Washington Metropolitan Area Transit Authority Compact.

## FACTS

16. On May 5, 2005, Plaintiff was arrested by Defendant Smith, and other members of the Metro Transit Police Department, in the vicinity of the 3500 block of Jay Street, N.E.

17. After his arrest, Plaintiff was transported by Defendant Smith from the scene directly to Greater Southeast Community Hospital. Plaintiff arrived at the hospital, in the company of Defendant Smith and other Metro Transit officers, at approximately 7:34 p.m., and was not discharged until 12:45 a.m.

18. After his discharge from the hospital, Plaintiff was then taken directly by Metro Transit officers to the Central Cellblock on Indiana Avenue, N.W. for processing and presentment in Superior Court.

19. At no time, from the point of his arrest, until his appearance in Superior Court, was Plaintiff ever taken by Defendant Smith, or any other Transit officer, to the Sixth District of the Metropolitan Police Department.

## FACTS SURROUNDING CLAIMS FOR DAMAGES

20. At the time of his arrest, Defendant Smith seized from Plaintiff's vehicle, and from Plaintiff's person, several items of property, which included: (1) U.S. Currency; (2) Two Nextel Phones; (3) Money Orders (two @ $500 ea.); (4) personal papers and effects; and (5) Jewelry, consisting of two gold diamond rings (valued at $15,000) and one gold bar-linked diamond chain (valued at $5,000). At the time of his arrest, Plaintiff specifically asked Defendant Smith to permit him to hand over his jewelry to his sister, Rosita Barnhardt, who was standing near the arrest scene. Ms. Barnhardt, herself, made a similar request of Defendant Smith. After initially agreeing to permit Plaintiff's sister to take custody of Plaintiff's jewelry, Defendant then changed his mind and refused Plaintiff's request.

21. After his release from custody following the arrest, Plaintiff went immediately to the Metro Transit Police Department to inquire about the return of the property (including the jewelry) which had been taken during the arrest. Plaintiff was told by Officer Ullman of Metro Transit's Property Officer that the items could not be returned to Plaintiff at that time because they may be used as evidence in the criminal case pending before the Grand Jury. At no time during that encounter,

did Officer Ullman disclose to Plaintiff that his jewelry was <u>not</u> in the custody of the Metro Transit Police Department.

22. At the conclusion of his criminal case in Superior Court (Cr. No. F 2582-05), Plaintiff filed a Motion for Return of Property with the presiding judge in that case, the Honorable Harold Cushenberry, Jr. The Court granted Plaintiff's motion on September 10, 2007, and directed the Metro Transit Police Department to return to Plaintiff all property seized from him at the time of his arrest on May 7, 2005.

23. On September 20, 2007, Plaintiff took the Court's Order to the Metro Transit Police Property Office for the purpose of retrieving his property. At that time, Metro Transit turned over to Plaintiff <u>most</u> of the items seized from him during his arrest but could <u>not</u> locate the Plaintiff's jewelry, money orders and miscellaneous other items taken from Plaintiff at the time of his arrest. In a subsequent Court filing, Metro Transit, for the first time, informed the Court that: (1) Plaintiff's jewelry had been left in the custody of the Sixth District of the Metropolitan Police Department after his arrest; and (2) the jewelry had been "destroyed" by the Sixth District Property Office on May 4, 2006. <u>At no time on the date of his arrest, was Plaintiff ever taken to the MPD's 6th District for any reason</u>. Plaintiff first learned that his property had been turned over to the 6th District by Metro Transit officer Smith, and had been later destroyed by MPD, on or about <u>October 2007</u>, in a Response submitted to the Court by Defendant WMATA.

## COUNT 1: VIOLATIONS OF 42 U.S.C. 1983

24. Plaintiff repeats, and incorporates by reference, the allegations contained in Paragraphs 1 through 23, above, as if they were set forth herein.

25. Defendant Smith, acting under color of law, and under the scope of his authority as a police officer, purposefully deprived Plaintiff of right to his jewelry and other property without due process of law. On the night of Plaintiff's arrest, Defendant Smith, as the arresting officer, inexplicably, took <u>most</u> of the items of Plaintiff's property to the Metro Transit Police Property Office, while electing to take Plaintiff's jewelry (valued at $20,000) to the 6th District of the Metropolitan Police Department. There was no connection between Plaintiff's arrest by Metro Transit police officers and the Metropolitan Police Department's 6th District. Plaintiff was taken directly from the arrest scene to the hospital and, later, to the Central Cellblock on Indiana Avenue, N.W. His final stop after the arrest was the Superior Court.

WHEREFORE, Plaintiff demands judgment against Defendant Smith for general, compensatory and punitive damages in the amount of $100,000, plus the costs of this action, including attorney's fees, and such other relief as may be deemed just and proper.

## COUNT 2: VIOLATIONS OF 42 U.S.C. 1983: REFUSING OR NEGLECTING TO PREVENT

26. Plaintiff repeats, and incorporates by reference, the allegations contained in Paragraphs 1 through 25, above, as if they were set forth herein.

27. At all times relevant to this complaint, Defendant Smith, as a Metro Transit police officer, was acting under the control and direction of Defendant Hanson, certain

unnamed supervisors and Defendant Washington Metropolitan Area Transit Authority. Defendant Hanson, as Police Chief, has policy-making authority regarding police practice and procedures. In this case, Defendant violated standard police procedures with respect to the property of an arrestee by taking and processing the majority of the Plaintiff's property at Metro Transit Headquarters and, for no apparent or logical reason, leaving Plaintiff's most valuable pieces of property (the jewelry) with MPD's 6th District, which had no involvement whatsoever in Plaintiff's arrest. This breach of procedure by Defendant Smith was the result of the lack of oversight, supervision and control by the above-named Defendants over the actions of their employee.

28. Defendants Hanson and WMATA are liable for the actions of Defendant Smith under the doctrine of <u>Respondeat Superior</u>.

WHEREFORE, Plaintiff demands judgment against the Defendants, jointly and severally, for actual, general and compensatory damages in the amount of $250,000, plus the costs of this action, including attorney's fees, and such other relief as may be deemed just and proper.

## COUNT 3: NEGLIGENCE

29. Plaintiff repeats, and incorporates by reference, the allegations contained in Paragraphs 1 through 28, above, as if they were set forth herein.

30. Officer Smith by failing to keep custody and control of Plaintiff's jewelry, and leaving those items in the possession of MPD, was negligent in his handling of Plaintiff's property.

WHEREFORE, Plaintiff demands judgment for negligence against Defendant Smith for actual, compensatory, general and special damages in the amount of $100,000, plus the costs of this action, including attorney's fees, and such other relief as may be deemed just and proper.

### COUNT 4: VIOLATIONS OF 42 U.S.C. 1983

31. Plaintiff repeats, and incorporates by reference, the allegations contained in Paragraphs 1 through 30, above, as if they were set forth herein.

32. Defendant Property Clerk, acting under color of law, and under the scope of his or her authority as an employee of the Metropolitan Police Department, violated the provisions of Title 5 of the D.C. Code by purposefully destroying Plaintiff's jewelry without providing written notice to Plaintiff that his property was in the custody of MPD's 6th District. Plaintiff's property was taken without due process of law, in violation of the 5th and 14th Amendments to the U.S. Constitution.

WHEREFORE, Plaintiff demands judgment against Defendant Property Clerk for compensatory, general and punitive damages in the amount of $100,000, plus the costs of this action, including attorney's fees, and such other relief as may be deemed just and proper.

### COUNT 5: VIOLATIONS OF 42 U.S.C. 1983: REFUSING OR NEGLECTING TO PREVENT

33. Plaintiff repeats, and incorporates by reference, the allegations contained in Paragraphs 1 through 32, above, as if they were set forth herein.

34. At all times relevant to this Complaint, Defendant Property Clerk, as an employee of the Metropolitan Police Department, was acting under the control and direction of Defendant Ramsey, certain unnamed supervisors, and the District of Columbia,

through its Mayor, Defendant Williams. Defendant Williams, as the chief executive officer, had policy-making authority regarding police policy and procedures.

35. Acting under color of law, and pursuant to official policy and custom, Defendants Ramsey and the District of Columbia knowingly, or negligently, failed to properly instruct, supervise, control, and discipline employees in the 6th District Property Office in the performance of their duties. The above-named defendants are liable for the actions of the Property Clerk under the doctrine of <u>Respondeat Superior</u>.

WHEREFORE, Plaintiff demands judgment against the Defendants, jointly and severally, for actual, general, special and compensatory damages in the amount of $250,000, plus the costs of this action, including attorney's fees, and such other relief as may be deemed just and proper.

## COUNT 6: NEGLIGENCE

36. Plaintiff repeats, and incorporates by reference, the allegations contained in Paragraphs 1 through 35, above, as if they were set forth herein.

37. Defendant Property Clerk was allegedly given possession of Plaintiff's property by another law enforcement officer, Defendant Smith of the Metro Transit Police Department. Presumably, the appropriate paperwork, bearing Plaintiff's name, address and other personal information was provided to the Property Office by Defendant Smith at the time of processing. Despite being aware of Plaintiff's contact information, Defendant Property Clerk failed to provide notice to Plaintiff, by registered or certified mail (as required by the D.C. Code), that the 6th District was in possession of his property.

WHEREFORE, Plaintiff demands judgment against Defendant Property Clerk for compensatory and general damages in the amount of $50,000, plus the costs of this action, including attorney's fees, and such other relief as may be deemed just and proper.

## COUNT 7: INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

38. Plaintiff repeats, and incorporates by reference, the allegations contained in Paragraphs 1 through 37, above, as if they were set forth herein.

39. Defendant Smith, by: (1) purposefully refusing to turn over Plaintiff's jewelry to his sister, as requested; (2) failing to log in said jewelry at the Metro Transit Property Office, while, at the same time, logging in all of Plaintiff's other property at Metro Transit; (3) leaving Plaintiff's jewelry, for no legitimate reason, with the 6th District of the Metropolitan Police Department; and (4) never informing Plaintiff that his jewelry, which had great sentimental and monetary value to Plaintiff, was left in the custody of MPD's 6th District, engaged in outrageous conduct that intentionally or recklessly caused Plaintiff severe emotional distress.

40. Defendant Property Clerk, by: (1) disregarding Metropolitan Police Department guidelines requiring written notice to Plaintiff, by certified or registered mail, that the 6th District was in possession of his jewelry, which had great sentimental and monetary value to Plaintiff; and (2) destroying Plaintiff's property on May 4, 2006 without notice to Plaintiff, engaged in outrageous and reckless conduct, causing Plaintiff severe emotional distress.

WHEREFORE, Plaintiff demands judgment for intentional infliction of emotional distress, jointly and severally, against Defendant MPD Property Clerk and Defendant

WHEREFORE, Plaintiff demands judgment for intentional infliction of emotional distress, jointly and severally, against Defendant MPD Property Clerk and Defendant Metro Transit Officer Smith, for compensatory, special and punitive damages in the amount of $200,000, plus the costs of this action, including attorney's fees, and such other relief as may be deemed just and proper.

## COUNT 8: CONVERSION

41. Plaintiff repeats, and incorporates by reference, the allegations contained in Paragraphs 1 through 40, above, as if they were set forth herein.

42. Defendant Smith, by separating Plaintiff's jewelry from his other items of property, and failing to inform Plaintiff that he had left Plaintiff's property at the Sixth District, where it was allegedly destroyed, intentionally deprived Plaintiff of the use and benefit of his personal property. By logging in most of Plaintiff's property at Metro Transit headquarters and, inexplicably turning over the jewelry to MPD, it is reasonable to believe that Defendant Smith either took Plaintiff's jewelry for his own use or wrongfully disposed of Plaintiff's property.

43. Defendant Property clerk, by failing to notify Plaintiff that his property was in the custody of the MPD's Sixth District, as required by the D.C. Code, and, later destroying that jewelry, wrongfully disposed of Plaintiff's property.

WHEREFORE, Plaintiff demands judgment for conversion, jointly and severally, against Defendants MPD 6th District Property Clerk and Metro Transit Offcier Smith for compensatory, special and punitive damages in the amount of $200,000, plus the costs of this action, including attorney's fees, and such other relief as may be deemed just and proper.

## JURY TRIAL DEMAND

Plaintiff demands a jury trial as to all counts of this complaint.

## PLAINTIFF'S REQUEST FOR RELIEF

Plaintiff John Barnhardt requests that this Honorable Court grant him the following relief:

1. Judgment against Defendant WMATA and Hanson, jointly and severally, for actual, compensatory, special and general damages in the amount of Two Hundred-Fifty Thousand Dollars ($250,000), plus the costs of this action, including attorney's fees;

2. Judgment against Defendant Smith for actual, compensatory and punitive damages in the amount of Two Hundred thousand Dollars ($200,000), plus the costs of this action, including attorney's fees;

3. Judgment against defendants District of Columbia, Williams and Ramsey, jointly and severally, for actual, general, special and compensatory damages in the amount of Two Hundred-Fifty Thousand Dollars ($250,000), plus the costs of this action, including attorney's fees;

4. Judgment against Defendant Property Clerk for compensatory, special and punitive damages in the amount of Two Hundred-fifty thousand Dollars ($250,000), plus the costs of this action, including attorney's fees;

5. Judgment against Defendants Property Clerk and smith, jointly and severally, for punitive damages in the amount of Two Hundred Thousand Dollars ($200,000), plus the costs of this action, including attorney's fees;

6. Issue a Declaratory Judgment, finding that the Defendants violated Plaintiff's constitutional rights under the 5th and 14th amendments to the United states Constitution by depriving Plaintiff of his property without due process of law; and

7. Grant such other relief as this court may deem just and proper.

Respectfully submitted,

*[signature]*

JS-44
(Rev.1/05 DC)

# CIVIL COVER SHEET

## I (a) PLAINTIFFS

JOHN BARNHARDT

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF __11001__
(EXCEPT IN U.S. PLAINTIFF CASES)

PRO SE N/P

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

## DEFENDANTS

D.C. ET AL

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____
(IN U.S. PLAINTIFF CASES ONLY)
LAND CONDEMNATION CASES, USE THE LOCATION OF THE

Case: 1:08-cv-01327
Assigned To : Bates, John D.
Assign. Date : 7/31/2008
Description: Civil Rights-Non-Employ.

JURY ACTION

## II. BASIS OF JURISDICTION
(PLACE AN x IN ONE BOX ONLY)

☐ 1 U.S. Government Plaintiff
☒ 3 Federal Question (U.S. Government Not a Party)
☐ 2 U.S. Government Defendant
☐ 4 Diversity (Indicate Citizenship of Parties in item III)

## III CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN x IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) FOR DIVERSITY CASES ONLY!

|  | PTF | DFT |  | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT
(Place a X in one category, A-N, that best represents your cause of action and **one** in a corresponding Nature of Suit)

| ☐ A. *Antitrust* | ☐ B. *Personal Injury/ Malpractice* | ☐ C. *Administrative Agency Review* | ☐ D. *Temporary Restraining Order/Preliminary Injunction* |
|---|---|---|---|
| ☐ 410 Antitrust | ☐ 310 Airplane<br>☐ 315 Airplane Product Liability<br>☐ 320 Assault, Libel & Slander<br>☐ 330 Federal Employers Liability<br>☐ 340 Marine<br>☐ 345 Marine Product Liability<br>☐ 350 Motor Vehicle<br>☐ 355 Motor Vehicle Product Liability<br>☐ 360 Other Personal Injury<br>☐ 362 Medical Malpractice<br>☐ 365 Product Liability<br>☐ 368 Asbestos Product Liability | ☐ 151 Medicare Act<br><br>**Social Security:**<br>☐ 861 HIA ((1395ff)<br>☐ 862 Black Lung (923)<br>☐ 863 DIWC/DIWW (405(g)<br>☐ 864 SSID Title XVI<br>☐ 865 RSI (405(g)<br><br>**Other Statutes**<br>☐ 891 Agricultural Acts<br>☐ 892 Economic Stabilization Act<br>☐ 893 Environmental Matters<br>☐ 894 Energy Allocation Act<br>☐ 890 Other Statutory Actions (If Administrative Agency is Involved) | Any nature of suit from any category may be selected for this category of case assignment.<br><br>*(If Antitrust, then A governs)* |

☐ E. *General Civil (Other)* OR ☐ F. *Pro Se General Civil*

| **Real Property**<br>☐ 210 Land Condemnation<br>☐ 220 Foreclosure<br>☐ 230 Rent, Lease & Ejectment<br>☐ 240 Torts to Land<br>☐ 245 Tort Product Liability<br>☐ 290 All Other Real Property<br><br>**Personal Property**<br>☐ 370 Other Fraud<br>☐ 371 Truth in Lending<br>☐ 380 Other Personal Property Damage<br>☐ 385 Property Damage Product Liability<br><br>**Bankruptcy**<br>☐ 422 Appeal 28 USC 158<br>☐ 423 Withdrawal 28 USC 157 | **Immigration**<br>☐ 462 Naturalization Application<br>☐ 463 Habeas Corpus- Alien Detainee<br>☐ 465 Other Immigration Actions<br><br>**Prisoner Petitions**<br>☐ 535 Death Penalty<br>☐ 540 Mandamus & Other<br>☐ 550 Civil Rights<br>☐ 555 Prison Condition<br><br>**Property Rights**<br>☐ 820 Copyrights<br>☐ 830 Patent<br>☐ 840 Trademark<br><br>**Federal Tax Suits**<br>☐ 870 Taxes (US plaintiff or defendant) | ☐ 871 IRS-Third Party 26 USC 7609<br><br>**Forfeiture/Penalty**<br>☐ 610 Agriculture<br>☐ 620 Other Food & Drug<br>☐ 625 Drug Related Seizure of Property 21 USC 881<br>☐ 630 Liquor Laws<br>☐ 640 RR & Truck<br>☐ 650 Airline Regs<br>☐ 660 Occupational Safety/Health<br>☐ 690 Other<br><br>**Other Statutes**<br>☐ 400 State Reapportionment<br>☐ 430 Banks & Banking<br>☐ 450 Commerce/ICC Rates/etc. | ☐ 460 Deportation<br>☐ 470 Racketeer Influenced & Corrupt Organizations<br>☐ 480 Consumer Credit<br>☐ 490 Cable/Satellite TV<br>☐ 810 Selective Service<br>☐ 850 Securities/Commodities/ Exchange<br>☐ 875 Customer Challenge 12 USC 3410<br>☐ 900 Appeal of fee determination under equal access to Justice<br>☐ 950 Constitutionality of State Statutes<br>☐ 890 Other Statutory Actions (if not Administrative Agency Review or Privacy Act)<br><br>—0— |

| ☐ G. *Habeas Corpus/ 2255*<br><br>☐ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ☐ H. *Employment Discrimination*<br><br>☐ 442 Civil Rights-Employment (criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ☐ I. *FOIA/PRIVACY ACT*<br><br>☐ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions (if Privacy Act)<br><br><br>*(If pro se, select this deck)* | ☐ J. *Student Loan*<br><br>☐ 152 Recovery of Defaulted Student Loans (excluding veterans) |
|---|---|---|---|
| ☐ K. *Labor/ERISA (non-employment)*<br><br>☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☒ L. *Other Civil Rights (non-employment)*<br><br>☐ 441 Voting (if not Voting Rights Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☒ 440 Other Civil Rights<br>☐ 445 American w/Disabilities-Employment<br>☐ 446 Americans w/Disabilities-Other | ☐ M. *Contract*<br><br>☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☐ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ☐ N. *Three-Judge Court*<br><br>☐ 441 Civil Rights-Voting (if Voting Rights Act) |

**V. ORIGIN**

☒ 1 Original Proceeding  ☐ 2 Removed from State Court  ☐ 3 Remanded from Appellate Court  ☐ 4 Reinstated or Reopened  ☐ 5 Transferred from another district (specify)  ☐ Multi district Litigation  ☐ 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)
42 USC 1983

**VII. REQUESTED IN COMPLAINT**   CHECK IF THIS IS A CLASS ☐ ACTION UNDER F.R.C.P. 23   **DEMAND $**   Check YES only if demanded in complaint   **JURY DEMAND** ☒ YES  ☐ NO

**VIII. RELATED CASE(S) IF ANY**   (See instruction)   ☒ YES  ☐ NO   If yes, please complete related case form.

DATE 7/31/08   SIGNATURE OF ATTORNEY OF RECORD   NCD

### INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I. COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III. CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV. CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

VI. CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII. RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.

forms\js-44.wpd